[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2009
THOMAS K. KAHN
CLERK

No. 08-17121
Non-Argument Calendar

_____

D. C. Docket No. 98-00433-CR-T-24EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUDELL SINGLETARY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 20, 2009)

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Gudell Singletary, who was convicted of a crack cocaine offense, appeals through counsel the sentence imposed upon the district court's grant of his pro se motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to crack cocaine offenses. Singletary argues that his ultimate sentence was unreasonable, as it was not adequately explained and was greater than necessary to comply with the purposes of sentencing in 18 U.S.C. § 3553(a). For the reasons set forth below, we affirm.

At the original sentencing hearing, the district court determined that Singletary's guideline range was 360 months' to life imprisonment and sentenced Singletary to 360 months' imprisonment. The court had reasoned that, although Singletary had not shown remorse or otherwise demonstrated that he deserved a low-end sentence, 360 months' imprisonment was sufficient punishment for his offense.

Thereafter, Singletary filed the instant § 3582 motion, initially proceeding pro se, arguing that Amendment 706 authorized the district court to reduce his guideline range by two levels and that United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160L.Ed.2d 621 (2005), authorized the court to sentence him below the amended guideline range. The district court (1) granted a two-level reduction,

such that Singletary's guideline range was 292 to 365 months' imprisonment; but (2) implicitly denied any downward variance under 18 U.S.C. § 3553(a). The court ultimately re-imposed a sentence of 360 months' imprisonment, reasoning as follows:

> The 360 month sentence is within the guideline imprisonment range. Public safety considerations based on the nature and circumstances of the offense and the degree of [Singletary's] involvement convince the [c]ourt that a 360 month sentence is sufficient but not greater than necessary. In making the determination the [c]ourt has considered [Singletary's] post-sentencing conduct[,] in that[,] while incarcerated, Singletary has completed a number of educational courses. The [c]ourt has also considered the sentencing judge's statements that 'you don't have any great deserving of a lesser sentence, but the [c]ourt just feels like . . . 30 years is enough for anything that you've done.

"We review de novo a district court's conclusions about the scope of its legal authority under [§ 3582(c)(2)]." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). We review a district court's decision to grant or deny a sentence reduction for abuse of discretion." Id. at 984 n.1.

A district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). When considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. "Initially, the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting

3

the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). Next, the court must decide, in light of the § 3553(a) factors and in its discretion, whether it will impose the newly calculated sentence or retain the original sentence. Id. at 781. If the defendant is eligible for a sentence reduction under the first part of the analysis, the district court must consider the § 3553(a) factors under the second part of the analysis, regardless of whether it ultimately denies or grants § 3582(c)(2) relief. United States v. Williams, No. 08-11361, manuscript op. at 6-7 (11th Cir. Feb. 9, 2009). However, the district court need not specifically articulate the applicability of each factor, "as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court." United States v. Vautier, 144 F.3d 756, 762 (11th Cir. 1998) (quotation omitted). In any event, the district court may not reduce the defendant's sentence to a "term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

The district court did not err in re-sentencing Singletary. See James, 548 F.3d at 984 n.1. First, the record demonstrates that the district court explicitly considered the pertinent § 3553(a) factors and explained its choice of sentence.

See <u>United States v. Eggersdorf</u>, 126 F.3d 1318, 1322 (11th Cir. 1997) (holding that the record demonstrated that the district court took into account the pertinent § 3553(a) factors when the court briefly stated that it had reviewed the government's brief, and in its brief, the government had set out the pertinent factors and enumerated facts relevant to the factors).

Additionally, to the extent that Singletary relies on <u>Booker</u> and <u>Kimbrough v. United States</u>, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), we have held that those cases are not applicable at § 3582(c)(2) proceedings. <u>See</u> <u>United States v. Melvin</u>, 556 F.3d 1190, 1192-93 (11th Cir. 2009) (holding that neither <u>Booker</u> nor <u>Kimbrough</u> render a guideline range advisory in the context of a § 3582 proceeding), <u>petition for cert. filed</u>, (U.S. Feb. 10, 2009) (No. 08-8664). Accordingly, we affirm.

**AFFIRMED.**